**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRENDA H. SQUIRES,
Plaintiff-Appellant,

v.

VIRGINIA DEPARTMENT OF

No. 96-2252

CORRECTIONS; RON ANGELONE,
individually and in his official
capacity as Director, Virginia
Department of Corrections,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-95-932)

Argued: May 7, 1997

Decided: May 29, 1997

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Sa'ad El-Amin, EL-AMIN & CRAWFORD, Richmond,
Virginia, for Appellant. Ronald Nicholas Regnery, Assistant Attorney
General, OFFICE OF THE ATTORNEY GENERAL, Richmond,
Virginia, for Appellees. **ON BRIEF:** James S. Gilmore, III, Attorney

General of Virginia, Catherine C. Hammond, Deputy Attorney General, Neil A.G. McPhie, Senior Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Brenda Squires, a former employee of the Commonwealth of Virginia Department of Corrections (the Department), appeals the district court's adverse decision, arguing that her employment was terminated in violation of the Due Process Clause of the Fourteenth Amendment. Finding no due process violation, we affirm.

Squires was employed as a licensed practical nurse at the Haynesville Correctional Center in Haynesville, Virginia. On the night of June 27, 1994, Squires worked the evening shift in the medical unit at Haynesville. That night, a correctional officer on duty reported observing Squires exit a locked staff bathroom with an inmate who was assigned to clean the medical unit. Squires was immediately suspended with pay. Following an internal investigation, the warden issued a report charging Squires with "refusal to obey instructions which could result in a weakening of security [and] fraternizing with [an] inmate." (J.A. at 146.) The warden recommended that Squires be terminated. Squires contested the charges through Virginia's state employee grievance system. See Va. Code. Ann. § 2.1-114.5:1 (Michie Supp. 1994).* After a two-day hearing, a three-member grievance panel upheld Squires's termination.

_____

*Subsequent to Squires's grievance complaint, the Virginia legislature repealed Va. Code Ann. § 2.1-114.5:1 replacing it with Va. Code Ann. § 2.1-116.01 to 116.013 (Michie 1995). The new state employee grievance procedure eliminates, among other things, grievance panels in favor of administrative hearing officers.

2

Squires filed this action in the district court against the Department and Ron Angelone, individually and in his official capacity as Director of the Department, pursuant to 42 U.S.C.A. §§ 1983 (West Supp. 1997) & 1988 (West 1994 & Supp. 1997), asserting that her rights to equal protection and to due process were violated because the defendants allegedly refused to allow inmate witnesses to testify on her behalf during her employee grievance panel hearing. By order dated April 4, 1996, the district court granted summary judgment to defendants on all of Squires's claims except her due process claim against defendant Angelone, insofar as she sought prospective relief. (J.A. at 25-31.) After a full trial on this issue, the district court found that Squires's due process rights had not been violated and entered judgment for Angelone on August 13, 1996. Squires appeals only the August 13 order.

Squires, as a non-probationary employee of the Commonwealth of Virginia, had a "property interest in continued employment . . . created by the state." Detweiler v. Commonwealth of Va. Dep't of Rehabilitative Servs., 705 F.2d 557, 560 (4th Cir. 1983). As a result, "she was entitled not to be deprived of that interest without appropriate procedural safeguards guaranteed by the Constitution." Crocker v. Fluvanna County (VA) Bd. of Public Welfare, 859 F.2d 14, 16 (4th Cir. 1988). In considering what procedural safeguards are appropriate, we have held "that a tenured public employee is entitled to oral or written notice of the charges against [her], an explanation of the employer's evidence, and an opportunity to present[her] side of the story." Id. at 17 (citing Garraghty v. Jordan, 830 F.2d 1295, 1300 (4th Cir. 1987)).

In its August 13 order, the district court made specific factual findings relating to Squires's assertion that she was denied the opportunity to present the exculpatory testimony of three inmates who allegedly witnessed the events of the night of June 27, 1994. The district court found that:

> 8) Neither plaintiff nor her counsel requested of the panel that the Virginia Department of Corrections be required to produce inmate witnesses for examination or made a proffer as to what these inmate witnesses might say.

3

\* \* \* \*

        10) The plaintiff and her counsel were permitted to argue and to produce witnesses and to cross-examine those produced by the Virginia Department of Corrections.

(J.A. at 216.) Accordingly, the district court concluded that Squires "was afforded `an appropriate hearing . . . at a meaningful time and in a meaningful manner' subsequent to her termination from employment with the Virginia Department of Corrections." (J.A. at 216 (quoting Garraghty v. Commonwealth of Va. Dep't of Corrections, 52 F.3d 1274, 1282 (4th Cir. 1995).)

After a careful review of the briefs and record, and after hearing oral arguments from counsel, we cannot say that the district court's factual findings are clearly erroneous. Therefore, we conclude that Squires's due process claim is without merit. Accordingly, we affirm the district court's judgment on the reasoning contained in its Memorandum Opinion. See Squires v. Virginia Dep't of Corrections, 3:95CV932 (E.D. Va. Aug. 13, 1996).

AFFIRMED

4